**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

NO. 97-40315
Summary Calendar

---

MAURO C. ROSALES
and
LUCILA SALAZAR ROSALES

Plaintiffs-Appellants

VERSUS

MARY MARTINEZ, Individually and as Postmaster; GREG M. CASTILLO,
Individually and as Postal Inspector; GILBERT GALVAN,
Individually and as Supervisor; ROBERT PANTOJA, Individually and
as Superintendent of Postal Operations; MARVIN T. RUNYON,
Individually and as Postmaster General; UNITED STATES POSTAL
SERVICE; UNITED STATES OF AMERICA.

Defendants-Appellees

---

Appeal from the United States District Court
For the Southern District of Texas
(B-93-187)

---

December 18, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

**I.**

**FACTS & PROCEDURAL HISTORY**

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mr. Rosales was a postal employee in Harlingen, Texas, for six years until he was terminated in August, 1992, ostensibly for theft of mail. Mr. Rosales filed a grievance through the postal employees' union, which was rejected as unfounded. Thereafter, on August 20, 1993, Mr. Rosales filed this suit in Texas state court against the United States Postal Service and four postal employees in their individual and representative capacities. The complaint alleged a workers' compensation retaliation claim under Texas law, and several claims under the FTCA (deprivation of protected property interest without due process, negligent and intentional infliction of emotional distress, defamation of character and invasion of privacy). The suit was removed to the United States District Court on September 10, 1993, where, on unopposed motion of defendants, the United States of America was substituted as the sole defendant in May, 1995. Thereafter, defendants moved for dismissal of the complaint under Fed.R.Civ.P. 12(b)(6), and the matter was referred to a magistrate judge.

Meanwhile, Mr. Rosales had also filed an EEO complaint with the postal service alleging sex (male) and age (52) discrimination. The postal service reviewed the complaint and issued a final agency decision on March 10, 1994, finding no discrimination. That final agency decision explicitly notified Mr. Rosales that he had ninety (90) days from receipt of the final agency decision to file a civil action. Mr. Rosales never filed a separate discrimination action. However, on September 14, 1995, at the hearing on Appellees' motion

to dismiss, over eighteen (18) months after the rejection of Rosales' EEO complaint and over two (2) years after the original complaint was filed, Rosales' counsel requested leave to amend the complaint in this case to add a claim for discrimination. The request was denied by the magistrate judge. The magistrate judge recommended dismissal of Rosales' complaint. The district court adopted the magistrate judge's report and recommendation, dismissing Rosales' complaint, and this *pro se* appeal followed.

## II.

## LAW & ANALYSIS

### A.

### Standard of Review

This court reviews dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) *de novo*, accepting all well-pleaded facts as true. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994). The district court did not err in dismissing Rosales' complaint.

### B.

### Workers' Compensation Claim

Rosales' workers' compensation retaliation claim under Texas law was properly dismissed as Rosales was a federal employee not covered by Texas workers' compensation law. Rather, Rosales is covered by the Federal Employee Compensation Act. 5 U.S.C. § 8101, *et seq.*, and he did not allege a retaliation claim under that act.

### C.

**FTCA Claims**

Rosales' FTCA claims were properly dismissed as Rosales failed to exhaust his administrative remedies. See 28 U.S.C. § 2675(a); *Shah v. Quinlan*, 901 F.2d 1241, 1244 (5th Cir. 1990); *Houston v. United States Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006 (1988). Specifically, Rosales never supplied the government with "written notice of his ... claim sufficient to enable the agency to investigate" the claims, and Rosales "never place[d] a value on his ... claim." *Frantz v. U.S.*, 29 F.3d 222, 224 (5th Cir. 1994). Rosales' letter to the EEOC signaling his intent to file an age discrimination claim against the postal service is inadequate to provide the government with written notice of his tort claims.

### D.

### Wrongful Termination Claim

Rosales did not claim a right to judicial review pursuant to the Postal Reorganization Act. 39 U.S.C. § 101, *et seq.* (incorporating the procedural rights of preference eligible employees under Chapter 75 of the Civil Service Reform Act). In the absence of a right to judicial review established by the PRA, the district court had no jurisdiction to review the merits of the personnel action taken by the postal service. *Witzkoske v. United States Postal Service*, 848 F.2d 70, 72-73 (5th Cir. 1988). Therefore, any wrongful termination claim that might be made on

4

these facts is barred.

### III.

### CONCLUSION

Finding no error in the dismissal of Appellant's complaint under Fed.R.Civ.P. 12(b)(6), we affirm.

AFFIRMED.